J-S90033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| REGINALD BRYANT | |
| Appellant | No. 2455 EDA 2015 |

Appeal from the PCRA Order July 10, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1206841-1997
CP-51-CR-1206851-1997

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 02, 2016**

Appellant Reginald Bryant appeals from the order of the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  After careful review, we affirm.

On March 30, 2001, a jury convicted Appellant of first-degree murder, third-degree murder, arson, aggravated assault, conspiracy, and possession of an instrument of crime following a horrific 1997 home invasion in which Appellant and an accomplice shot Madeline Carter, poured gasoline on her body, and set fire to her and her house.[1]  On April 4, 2001, the trial court

_____

[1] For a full recitation of the facts of the underlying matter, see **Commonwealth v. Bryant**, 1151 EDA 2001 (unpublished memorandum), pp. 1-4.

sentenced Appellant to life imprisonment for first-degree murder and an aggregate term of 17½ to 35 years' imprisonment on the remaining convictions.

Appellant appealed. This Court affirmed his convictions on September 13, 2002, and the Supreme Court of Pennsylvania denied allocatur on August 19, 2003.

On August 11, 2008, Appellant filed a *pro se* PCRA petition,[2] and the PCRA court appointed counsel who filed an amended petition on November 2, 2010. Ultimately, on July 10, 2015, the PCRA court dismissed Appellant's PCRA petition as untimely. Appellant timely appealed.[3]

Appellant raises the following two issues for our review:

[1.] Whether the General Assembly intended 42 Pa.C.S. § 9545(b)'s one year filing deadline to be jurisdictional and, therefore, not subject to equitable tolling[?]

[2.] If [PCRA section] 9545(b)'s one year filing deadline is jurisdictional, whether its application in [Appellant's] case violated [Appellant's] state and federal due process rights[?]

Appellant's Brief, p. 6.

_____

[2] In the interim, Appellant filed a federal habeas corpus petition, which the district court denied on April 14, 2005.

[3] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters of on appeal, and Appellant did not file such a statement. The trial court filed its Pa.R.A.P. 1925(a) opinion on March 14, 2016.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition, as a petition's timeliness implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012) ("Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition"). "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the

time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted). Further, in the absence of one of the enumerated exceptions, a PCRA court lacks authority to extend the PCRA's filing period. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa.1999); *see also Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011) ("[To] accord finality to the collateral review process[,]"

the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar").

Here, Appellant was sentenced on April 4, 2001.  Appellant litigated his direct appeal through our Supreme Court's denial of his petition for allocatur on August 19, 2003.  Appellant's judgment of sentence therefore became final 90 days later, on November 17, 2003, when his time for seeking *certiorari* in the Supreme Court of the United States expired.  **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.Rule 13.1 (allowing 90 days for the filing of a writ of *certiorari* in the Supreme Court of the United States). Accordingly, Appellant had until November 17, 2004 to timely file a PCRA petition.

Appellant filed the instant PCRA petition on August 11, 2008, over three and a half years after the expiration of his PCRA limitations period. Accordingly, Appellant's petition is facially untimely.  Thus, he must plead and prove that his petition falls under one of the Section 9545(b) exceptions set forth in the PCRA.  **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant acknowledges the untimeliness of his petition.  **See** Appellant's Brief, p. 8.  To overcome the PCRA's time bar, Appellant states the following:

> [Appellant] can overcome the untimeliness for two reasons; both being directly connected to [prior appellate counsel's] egregious and unethical representation of [Appellant] during his initial-review PCRA proceedings: (1) based on [prior counsel's] representation, [Appellant] was entitled to have the PCRA's one year filing deadline *equitably tolled* until he filed his *pro se* petition on August 11, 2008; and (2) based on [prior counsel's]

representation, the application of the PCRA's one year filing deadline violated [Appellant's] state and federal due process rights.

Appellant's Brief, p. 8.

Appellant's attempts to overcome the time bar fail. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa.2005) (petitioner's claim of ineffectiveness of prior counsel did not toll PCRA time bar); ***see also Commonwealth v. Pursell***, 749 A.2d 911, 915-16 (Pa.2000) (petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception); ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa.2000) (prior PCRA counsel's failure to develop issue of trial counsel's ineffectiveness not exception to time-bar); ***Commonwealth v. Lark***, 746 A.2d 585, 589 (Pa.2000) (allegation of counsel ineffectiveness not sufficient justification to overcome otherwise untimely PCRA claims).

Additionally, our Supreme Court has held that, because "the PCRA's time restrictions are jurisdictional, . . . the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)–(iii)." ***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa.1999). Further, the Supreme Court has noted that the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly

delineated in the Act." **Watts**, 23 A.3d at 983 (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)).  Because Appellant did not plead any of the enumerated section 9545(b) timeliness exceptions, he is not entitled to any form of tolling.

Appellant's claim that the PCRA's timeliness limitations violated his due process rights because it forfeited an entire legal proceeding also fails.  Our Supreme Court has expressly stated that the PCRA's time limitations are constitutional.  **Peterkin**, 722 A.2d at 643 n.5.  The PCRA's time limitations did not cause the forfeiture of entire legal proceedings in this matter, Appellant caused the forfeiture by failing to comply with the time limitations.[4]

Because Appellant filed the instant PCRA petition over three and a half years after the expiration of the PCRA limitations period and cannot avail himself of any time-bar exception, the PCRA court did not err in dismissing this petition as untimely.

Order affirmed.

_____

[4] We acknowledge that Appellant claims to have requested that his prior appellate counsel file a PCRA in lieu of a federal habeas corpus petition. However, even if this claim were true and counsel ignored Appellant's request, Appellant had, at worst, 60 days from the receipt of counsel's October 27, 2005 letter explaining his actions and the result of the habeas petition to assert his rights.  Appellant did not assert any claim of rights related to the discovery of prior appellate counsel's actions at that time. Instead, he waited nearly three years from the date of counsel's letter to attempt to challenge counsel's actions.

Judgment Entered.

![signature: Joseph D. Seletyn]

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2016